UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION AT DETROIT

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 08-CR-20532

DICRA ZIA [D-1],                 HONORABLE GEORGE CARAM STEEH
LATIF BARASH [D-2], and
MONTHA BARASH [D-3],         Magistrate Judge Virginia M. Morgan

    Defendants.
_____/

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on October 26, 2009, Defendant Dicra Zia pled guilty to Food Stamp Fraud in violation of 7 U.S.C. § 2024, as charged in Count Two of the Indictment; and

WHEREAS, on October 26, 2009, Defendant Latif Barash pled guilty to Food Stamp Fraud in violation of 7 U.S.C. § 2024, as charged in Count Two of the Second Superseding Indictment, and plead guilty to Money Laundering in violation of 18 U.S.C. § 1957, as charged in Count Thirteen of the Indictment; and

WHEREAS, on October 26, 2009, Defendant Montha Barash pled guilty to Theft of Government Money Under $1,000, in violation of 18 U.S.C. § 641, as charged in Count One of the Second Superseding Information, and

WHEREAS, 18 U.S.C. § 982(a)(1) provides for the forfeiture of any property, real or personal, involved in money laundering, or any property traceable to property involved in money laundering; and

WHEREAS, 7 U.S.C. § 2024(f)[1] provides for the forfeiture of:

(a)     all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of food stamp fraud; and

(b)     all proceeds traceable to food stamp fraud; and

WHEREAS, the defendants entered into Rule 11 Plea Agreements on October 26, 2009 [Docket Nos. 41, 42, and 43] in which they agreed to the entry of a forfeiture money judgment against them in the amount of Eight Hundred Sixty-Five Thousand Dollars ($865,000.00) for which the defendants are jointly and severally liable; and

WHEREAS, the defendants also agreed to execute a Stipulated Consent Judgment in a companion civil forfeiture case, U.S. v $8,287.42 in U.S. Currency, et al., Case No. 06-CV-13861 (Hood, J.), forfeiting all of their collective and individual right, title and interest in the defendants *in rem* to the United States of America; and

WHEREAS, the defendants expressly waived their right to have a jury determine the forfeitability of their interest in the real and personal properties named as defendants in rem in Case No. 06-CV-13861; and

WHEREAS, the defendants additionally waived the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment; and

---

[1] 7 U.S.C. § 2024(f) was previously nominated 7 U.S.C. § 2024(h). Pub.L. 110-234, § 4115(b)(10)(F) and Pub.L. 110-246, § 4115(b)(1)(F) redesignated former subsection (h) as subsection (f), effective October 1, 2008.

WHEREAS, the defendants further waived any challenge to the forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; and

WHEREAS, the United States has agreed that, following the final disposition of all assets forfeited to the United States in the parallel civil forfeiture proceeding, Case No. 06-CV-13861, the United States will move the Court to reduce the amount of the forfeiture money judgment imposed in the criminal case, seeking a reduction in the amount of the forfeiture money judgment by the net amount realized from the forfeiture and disposal of the defendants in rem in the parallel civil forfeiture proceeding; and

WHEREAS, the United States has agreed to forego forfeiture of the residence of Defendants Latif Barash and Montha Barash, specifically the real property commonly known as 36269 Dickson Drive, Sterling Heights, Macomb County, Michigan; and

WHEREAS, following entry by the Court of an Order of Restitution to the United States Department of Agriculture - Food and Nutrition Services / Supplemental Nutrition Assistance Program as part of the Judgment of Conviction in this criminal case, the United States Attorney's Office for the Eastern District of Michigan has agreed to prepare a Request for Restoration of Forfeited Assets to Known Victim(s) of the defendants' food stamp fraud and/or money laundering violations; and

WHEREAS, the defendants acknowledged in their Rule 11 plea agreements that the Request for Restoration to the United States Department of Agriculture - Food and Nutrition Services / Supplemental Nutrition Assistance Program may be granted, granted-in-part, or denied, and that no representations had been made to them as to the likelihood that such a

Request will or would be granted; and

WHEREAS, on February 19, 2010, the United States sought concurrence in the entry of a Stipulated Preliminary Order of Forfeiture by providing defense counsel with a proposed Stipulated Preliminary Order of Forfeiture for review, and concurrence was obtained from counsel for Latif Barash and counsel for Montha Barash; and

WHEREAS, as of the date of the Application for Entry of this Preliminary Order of Forfeiture, no response, either concurring or objecting to the proposed Order, was received from counsel for Dicra Zia:

**NOW THEREFORE,** based upon the foregoing and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982, and/or 7 U.S.C. § 2024(f) if necessary, it is **ORDERED, ADJUDGED** and **DECREED:**

That a **FORFEITURE MONEY JUDGMENT** in the amount of **Eight Hundred Sixty-Five Thousand Dollars ($865,000.00)** is **GRANTED** and entered jointly and severally against Defendant Dicra Zia, Defendant Latif Barash, and Defendant Montha Barash.

It is further ordered that the forfeiture money judgment is immediately due and shall be payable to the United States Department of Treasury.

Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant Dicra Zia, Defendant Latif Barash, and Defendant Montha Barash at the time of their sentencing and shall be made part of the sentence and included in the Judgment.

This Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2), and United States shall have clear title to the monies paid or collected in satisfaction of the forfeiture money judgment.

**IT IS SO ORDERED.**

Dated: March 2, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 2, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---